IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT MCKINNON, III,

    Petitioner,

v.                                                                              CASE NO. 1:20-cv-15-AW-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing ECF No. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court found that the Petition was deficient because Petitioner exceeded the 25-page limit of the Local Rules without first obtaining leave of court. ECF No. 3. The Court ordered Petitioner to file an amended petition on or before February 21, 2020. *Id.* Petitioner then filed a "notice of appeal", ECF No. 6, purporting to appeal the Court's "dismissal" of his petition, and a proposed amended petition, ECF No. 7. The Court's order to amend did not dismiss the Petition and is not an appealable order. Therefore Petitioner's "notice of appeal" is premature and will be stricken. Further, the amended petition,

ECF No. 7, again exceeds the Local Rules' 25-page limit. The Court will not order Petitioner to correct this deficiency because the Court has determined that this case is due to be dismissed for lack of subject matter jurisdiction. The order to amend will therefore be withdrawn. For the following reasons, it is respectfully recommended that this case be dismissed.

The Petition challenges Petitioner's September 25, 2011, Alachua-County conviction for robbery with a firearm, aggravated battery with a firearm, and possession of a firearm by a convicted felon. ECF No. 1. A review of PACER confirms that Petitioner previously filed a § 2254 petition challenging the same conviction. *Robert McKinnon, III v. Julie L. Jones*, Case No. 1:14-cv-227-WS-CJK, ECF No. 1 (N.D. Fla. Nov. 17, 2014). The petition was denied on May 18, 2016, and a certificate of appealability was denied. *Id.*, ECF Nos. 97-98. The Eleventh Circuit denied Petitioner's motion for a COA on February 1, 2017. *Id.,* ECF No. 119.

In order to file a second or successive § 2254 petition, the Petitioner must *first* obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Sec'y, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or

successive § 2254 petition after first habeas petition was dismissed as untimely). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

Petitioner is well aware of the requirement to obtain prior authorization of the Court of Appeals to file a second or successive petition. Petitioner's most recent effort to file a successive petition in this Court was dismissed for failure to obtain such authorization. *Robert McKinnon, III v. Sec'y, Dept. of Corr.,* Case No. 1:16-cv-256-MW-GRJ, ECF Nos. 12, 24 (N.D. Fla. Nov. 2, 2016).

A review of PACER reveals that Petitioner has not obtained the Eleventh Circuit's leave to file a second or successive habeas corpus petition. On October 10, 2019, Petitioner filed an "emergency" application for leave to file a successive petition. The Court denied such leave on October 29, 2019. *See In re: Robert McKinnon, III*, No. 19-14011 (11th Cir. Oct. 29, 2019). Accordingly, because Petitioner has not been granted authorization to file a second or successive petition, this Court lacks authority to consider the Petition.

In light of the foregoing, it is **ORDERED:**

1. The Order to file an amended petition, ECF No. 3, is **WITHDRAWN.**

2. Petitioner's "notice of appeal", ECF No. 6, is **STRICKEN** as premature.

It is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, should be **DISMISSED** for lack of jurisdiction. The **Clerk** must send Petitioner the forms necessary to seek authorization from the Court of Appeals to file a second or successive petition.

**IN CHAMBERS** this 29th day of January 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.