IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT MCKINNON, III,

    Petitioner,

v.                                              CASE NO. 1:20-cv-00015-AW-GRJ

SEC'Y, FLA. DEP'T OF CORR.,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is *pro se* Petitioner's Motion for leave to proceed in forma pauperis ("IFP Motion") on appeal in this second petition[1] for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. ECF No. 31. On March 18, 2020, the Court dismissed Petitioner's second petition for lack of jurisdiction. ECF Nos. 16, 17. The Court lacked jurisdiction because Petitioner failed first to obtain permission from the Eleventh Circuit Court of Appeals to file a second petition. *See* ECF No. 8.

---

[1] Petitioner previously challenged his 2011 Alachua County convictions in *Robert McKinnon, III v. Julie L. Jones*, No. 1:14-cv-227-WS-CJK (N.D. Fla. No. 17, 2014), ECF No. 1. That petition was denied on May 18, 2016, and a certificate of appealability ("COA") was also denied. ECF Nos. 97-98. On February 1, 2017, The Eleventh Circuit denied Petitioner's motion for a COA. ECF No. 119.

"Before a second or successive application… [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  District courts "lack[ ] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, No. CV412-058, 2012 WL 1119766, at * 1 (S.D. Ga. Feb. 27, 2012), report and recommendation adopted at 2012 WL 1119761 (Apr. 3, 2012) (citations omitted) (emphasis in original).

Petitioner now seeks to proceed as a pauper on appeal, and the motion has been referred to the undersigned for resolution.  Pursuant to the in forma pauperis statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  Upon review, the Court finds that Petitioner's appeal is not taken in good faith as he has not identified any nonfrivolous issue for review by the Eleventh Circuit.  *See* Fed. R. App. P. 24(a)(1) (party seeking

leave to appeal in forma pauperis must file an affidavit claiming entitlement to redress and stating issues the party intends to present on appeal).

Although Petitioner filed a declaration in support of his IFP Motion, Petitioner did not set forth any cognizable issue related to the Court's determination that it lacked jurisdiction to decide this case. *See* ECF No. 31 at 15-18. Rather, Petitioner presses equitable tolling arguments that are unrelated to the jurisdictional defect identified in the Court's Report and Recommendation. *See id*. As Petitioner failed to identify any arguable basis for appealing the Court's ruling, the IFP motion is due to be denied. *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact.").

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's IFP Motion, ECF No. 31, should be **DENIED** because the appeal is not taken in good faith.

**IN CHAMBERS** at Gainesville, Florida this 15th day of August 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**